NOVARTIS CONSUMER HEALTH
INC., Plaintiff,

v.

ELAN TRANSDERMAL
TECHNOLOGIES,
INC., Defendant.

Elan Transdermal Technologies, Inc.,
Elan Transdermal Limited,
Counterclaimants,

v.

Novartis Consumer Health, Inc.,
Counterclaim Defendant.

No. 01–1120–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Sept. 11, 2002.

Thomas J. Meloro, James Galbraith, Jeffrey Ginsberg, Kenyon & Kenyon, New York City, Harvey W. Gurland, Jr., Miami, FL, for plaintiff.

Terri Ellen Tuchman Meyers, Kluger Peretz Kaplan & Berlin, Miami Center, Miami, FL, Flavio Rose, Richard Birnholz, John D. Grinrich, Marc A. Fenster, Scott C. Moore, Irell & Manella, Los Angeles, CA, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court upon (1) Elan's Motion for Partial Summary Judgment that the Work of Drs. Richard Baker and Frank Kochinke Does Not Invalidate Claims 33, 38 or 39 of the '853 Patent; (2) Elan's Motion for Summary Judgment of Non–Infringement of Novartis' '011 Patent; (3) Elan's Motion for Partial Summary Judgment that 35 U.S.C. § 287 Does Not Limit the Infringement Damages Elan May Recover; and (4) Elan's Motion for Summary Judgment of Infringement of the '853 Patent (all filed September 6, 2002).

UPON CONSIDERATION of the motions and the pertinent portions of the record, and

being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that (1) Elan's Motion for Partial Summary Judgment that the Work of Drs. Richard Baker and Frank Kochinke Does Not Invalidate Claims 33, 38 or 39 of the '853 Patent; (2) Elan's Motion for Summary Judgment of Non–Infringement of Novartis' '011 Patent; (3) Elan's Motion for Partial Summary Judgment that 35 U.S.C. § 287 Does Not Limit the Infringement Damages Elan May Recover; and (4) Elan's Motion for Summary Judgment of Infringement of the '853 Patent (all filed September 6, 2002) are each STRICKEN from the record.

Local Rule 7.1(C)2 provides:

The practice of filing multiple motions for partial summary judgment which are collectively intended to dispose of the case (as opposed to one comprehensive motion for summary judgment) in order to evade memorandum page limitations is specifically prohibited.

Local Rule 7.1(C)2, S.D.Fla.L.R. With the exception of Terri Meyers, Elan's local counsel, each of the lawyers responsible for filing the four motions for summary judgment were admitted *pro hac vice*. These admissions were granted, in part, because each of these lawyers declared under penalty of perjury that they had read and were familiar with the local rules of this Court. Nevertheless, these lawyers filed four separate motions for summary judgment totaling sixty (60) pages in length with the effect, if not the intent, of evading the very purpose of Local Rule 7.1(C)2, S.D.Fla.L.R. Tellingly, Novartis' single motion for summary judgment was eighteen (18) pages in length. Thus, the Clerk is directed to STRIKE from the record the aforementioned motions.

IT IS FURTHER ORDERED that the Clerk is directed to STRIKE the following documents filed in support of the various motions for summary judgment:

1) Elan's Statement of Material Facts Not in Dispute in Support of Elan's Motion for Partial Summary Judgment that the Work of Drs. Richard Baker and Frank Kochinke Does Not Invalidate Claims 33, 38 or 39 of the '853 Patent;

2) Elan's Statement of Material Undisputed Facts in Support of its Motion for Summary Judgment of Non–Infringement of Novartis' '011 Patent;

3) Elan's Statement of Material Facts Not in Support Elan's Motion for Partial Summary Judgment that 35 U.S.C. § 287 Does Not Limit the Infringement Damages Elan May Recover;

4) Elan's Statement of Material Disputed Facts in Support of its Motion for Summary Judgment of Infringement of the '853 Patent;

5) Declaration of Marla J. Church;

6) Declaration of David P.L. Sachs, M.D. in Support of Elan's Motion for Summary Judgment;

7) Declaration of Jesus Miranda;

8) Declaration of Jon D. Gingrich in Support of Elan's Motion for Summary Judgment (Volume I of II); and

9) Declaration of Jon D. Gingrich in Support of Elan's Motion for Summary Judgment (Volume II of II).

IT IS FURTHER ORDERED that Gary N. Frischling, Esq., Richard M. Birnholz, Esq., Flavio Rose, Esq., Scott C. Moore, Esq., Marc Fenster, Esq., John D. Gingrich, Esq. and Terri Meyers, Esq. shall personally appear before the undersigned on September 26, 2002 at 9:30 a.m. in Miami, Florida in Courtroom 3, 11th Floor, James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida, and show cause why sanctions should not be imposed against them for violation of this Court's local rules.